MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2729
Facsimile: (212) 637-2717

FILE COPY
08 CV 4419
RECEIVED
MAY 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED STATES OF AMERICA,

                Plaintiff,

      v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,

                Defendant.
-------------------------------------------------------- x

08 Civ. _____

**COMPLAINT**

ECF CASE

Plaintiff United States of America alleges as follows:

**NATURE OF THE CASE**

1. The United States brings this civil action to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"). As set forth more fully below, the United States alleges in this action that defendant New York State Department of Correctional Services, the agency responsible for operating the prisons of New York State, has (a) unlawfully discriminated against individual female employees at the Sing Sing Correctional Facility on the basis of their sex by transferring them from paid workers' compensation leave and benefits to unpaid maternity leave due to the birth of their children, without making a determination as to whether the employees continue to be eligible for workers'

compensation leave and benefits as a result of their work-related injuries; and (b) engaged in an unlawful pattern or practice of employment discrimination on the basis of sex as a result of its categorical determination that a female employee who gives birth to a child should be transferred from workers' compensation leave and benefits because giving birth is a more debilitating condition than a previously sustained work-related injury, without making a determination as to whether, in an individual case, an employee continues to be eligible for workers' compensation leave and benefits.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(b), and 28 U.S.C. §§ 1331, 1343, and 1345.

3. Venue lies in this judicial district pursuant to 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

4. Plaintiff is the United States of America.

5. Defendant New York State Department of Correctional Services ("DOCS" or "Defendant") is an agency of the State of New York. DOCS is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## FIRST CLAIM FOR RELIEF:
## SEX DISCRIMINATION
### (Section 706 of Title VII of the Civil Rights Act of 1964)

6. DOCS is the agency of New York State responsible for the confinement of persons under sentence of imprisonment by the State of New York, and the operation of facilities where such persons are confined. N.Y. Correct. Law §§ 5, 70 *et seq.*

7. DOCS employs more than 31,000 persons. DOCS is responsible for establishing

2

the terms, conditions, policies, and practices that bear upon the employment of its employees.

8. Starting on or before December 2000, DOCS has maintained a policy and practice of transferring female employees at Sing Sing Correctional Facility from workers' compensation leave and benefits to maternity leave due to the birth of their children, without making a determination of whether those female employees continue to be eligible for workers' compensation leave and benefits as a result of their work-related injuries.

9. DOCS' policy and practice of transferring female employees from workers' compensation and benefits to maternity leave is based on a categorical determination that giving birth to a child is a more debilitating condition than work-related injuries sustained by the employees.

10. DOCS' discriminatory policy and practice is based, in part, on DOCS' Directive No. 2208A, entitled "Workers' Compensation Benefits Directive," and Directive No. 2226, entitled "Maternity and Child-Rearing Leave."

11. Under Directives No. 2208A and 2226, workers' compensation leave benefits are more valuable than maternity leave benefits. Among other things, Directive No. 2208A provides for workers' compensation leave with full pay for up to six months for employees, whereas Directive No. 2226 merely provides employees with unpaid maternity leave.

12. DOCS' discriminatory actions include, but are not limited to, intentionally transferring Wanda Rosado, Gina Shibah, Patricia Young, Sharing Waring, and Natisha Wallace-Behlin, and similarly situated current and / or former female employees of DOCS from workers' compensation leave to maternity leave due to the birth of their children.

3

13. The Equal Employment Opportunity Commission ("EEOC") received timely charges filed by Wanda Rosado (Charge No. 160-2003-00187), Gina Shibah (Charge No. 520-2006-03586), Patricia Young (Charge No. 520-2006-02632), Sharon Waring (Charge No. 520-2006-03441), and Natisha Wallace-Behlin (Charge No. 16G-A5-03084) alleging discrimination in their employment at DOCS on the basis of their sex.

14. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, EEOC investigated the charges and found reasonable cause to believe that the individual charging parties' allegations of sex discrimination in employment were true, and that DOCS' discriminatory policy of transferring female employees from workers' compensation to maternity leave due to the birth of their children had adversely affected the individual charging parties and other female employees who were subject to the policy. EEOC attempted unsuccessfully to achieve through conciliation a voluntary resolution of the matters, and subsequently referred the charges to the United States Department of Justice.

15. All conditions precedent to the filing of suit have been performed or have occurred.

16. DOCS' policies and practices described above constitute unlawful discrimination on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

17. DOCS' policies and practices described above are of such a nature and are intended to deny the full rights secured by Title VII. Unless restrained by an order of the Court, DOCS will continue to pursue policies and practices that are the same as or similar to those alleged in this Complaint.

## SECOND CLAIM FOR RELIEF:
## PATTERN OR PRACTICE OF SEX DISCRIMINATION
### (Section 707 of Title VII of the Civil Rights Act of 1964)

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 6 through 17 as if fully set forth in this paragraph.

19. DOCS' policies and practices described above constitute an unlawful pattern or practice of discrimination on the basis of sex in violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6.

**WHEREFORE**, plaintiff United States prays that this Court grant the following relief:

A. enjoin DOCS from enforcing its policy and practice of transferring female employees from workers' compensation leave and benefits to unpaid maternity leave due to the birth of their children without making a determination as to whether the employees continue to be eligible for workers' compensation leave and benefits as a result of their work-related injuries;

B. order DOCS to adopt a policy with regard to female employees on workers' compensation that treats the birth of a child in the same manner as any other disabling condition;

C. order DOCS to take such other steps as may be necessary to prevent and remedy employment discrimination and the pattern or practice of discrimination in employment identified above;

D. order DOCS to provide sufficient equitable relief to the charging parties Wanda Rosado, Gina Shibah, Patricia Young, Sharon Waring, and Natisha Wallace-Behlin, and similarly situated current and / or former female employees of DOCS, to make each of them whole for the loss she suffered as a result of the discrimination against her as alleged in the Complaint;

5

E.  award damages to the charging parties Wanda Rosado, Gina Shibah, Patricia Young, Sharon Waring, and Natisha Wallace-Behlin, and similarly situated current and / or former female employees of DOCS, to fully compensate them for the pain and suffering caused by DOCS' discriminatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

F.  grant such further relief as the Court may deem just, together with the United States' costs and disbursements in this action.

Dated: Washington, D.C.
May 12, 2008

Respectfully submitted,

By: _____
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

Dated: New York, New York
May 12, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff United States

By: _____
WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2729
Facsimile: (212) 637-2717

6