ORIGINAL

RECEIVED
CHAMBERS OF

MAY 1 2 2008

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,                    07 Civ. 2587 (SAS) (HP)

      v.

NEW YORK STATE DEPARTMENT OF               ECF CASE
CORRECTIONAL SERVICES,

          Defendant.
------------------------------------------------------------ x
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

         Plaintiff,                     08 Civ. 4419

      v.

NEW YORK STATE DEPARTMENT OF               ECF CASE
CORRECTIONAL SERVICES,

         Defendant.
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/08

## ORDER AND STIPULATION PROVIDING FOR INJUNCTION AND AFFIRMATIVE RELIEF

      WHEREAS, on or about March 29, 2007, the Equal Employment Opportunity

Commission ("EEOC") filed the above-referenced action, Equal Employment Opportunity

Commission v. New York State Department of Correctional Services, 07 Civ. 2587 (SAS) (HP)

(the "EEOC action"), against the New York State Department of Correctional Services ("DOCS")

in the United States District Court for the Southern District of New York, alleging violations of

the Equal Pay Act of 1963 (the "EPA"), as amended;

      WHEREAS EEOC's Amended Complaint, filed on or about May 24, 2007, alleges that

DOCS unlawfully discriminated against female employees at its Sing Sing facility by transferring

*The Clerk is directed to close both of these cases 07 Civ. 2587; 08 Civ. 4419 So Ordered: [signature] USDJ 5/20/08*

pregnant female employees only from Workers' Compensation leave to a less lucrative maternity leave on or before the birth of their children, without determining whether the underlying work-related injuries leading to the Workers' Compensation leave were ongoing.  Thus, EEOC alleges, DOCS provided less valuable benefits to female employees at Sing Sing Correctional Facility than it did to male employees performing substantially equal work;

WHEREAS, EEOC's Amended Complaint further alleges that DOCS provided less valuable benefits based on sex to: Sandra Aponte, Lisa Dennison Ayers, Elsa Harris, Monique Horton, Eugenia Kirkland, Arlene O'Cana, Hollie Rathgeber, Wanda Rosado, Gina Shibah, Tashonna Shivers, Natisha Wallace-Behlin, Sharon Waring, Patricia Young, and other similarly-situated individuals;

WHEREAS, in Charge No. 520-2007-02374, EEOC commenced an investigation of whether DOCS similarly transferred pregnant female employees from Workers' Compensation leave to maternity leave at DOCS facilities other than the Sing Sing Correctional Facility;

WHEREAS, by letter dated June 26, 2007, the United States of America (the "United States") advised DOCS that the United States Department of Justice had authorized the United States Attorney for the Southern District of New York to commence a civil action against DOCS for violating Title VII of the Civil Rights Act of 1964;

WHEREAS, the United States of America commenced the above-referenced action (the "United States' action") against DOCS to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII");

WHEREAS, the United States alleges in its Complaint that DOCS discriminated against individual female employees at the Sing Sing Correctional Facility on the basis of their sex by

2

transferring them from paid Workers' Compensation leave and benefits to unpaid maternity leave due to the birth of their children, including charging parties Wanda Rosado, Gina Shibah, Patricia Young, Sharon Waring, and Natisha Wallace-Behlin, and similarly situated current and / or former employees of DOCS;

WHEREAS, the United States further alleges in its Complaint that DOCS engaged in an unlawful pattern and practice of employment discrimination on the basis of sex as a result of its categorical determination that a female employee who gives birth to a child should be transferred from Workers' Compensation leave and benefits without making a determination as to whether, in an individual case, an employee continues to be eligible for Workers' Compensation leave and benefits;

WHEREAS, in addition to the thirteen individuals named as complainants in EEOC's Amended Complaint and the United States' Complaint, ten other individuals, Natalie Caraballo, Maria Velardo, Tamenika Atkins, Leetisha Robinson Dunia, Nicole Holloway, Tawanna Gibson, Jawanna Bellamy, Yolanda Francis, Yvette Dargan, and Patti Pilat have been identified as Claimants in these cases (the twenty-three (23) are collectively referred to herein as "the Claimants");

WHEREAS, as of the date of the parties' execution of this Order and Stipulation Providing for Injunction and Affirmative Relief ("Order"), DOCS has restored leave accruals and back pay in the amounts set forth in this Order;

WHEREAS, DOCS held Workers' Compensation training for all Deputy Superintendents for Administration and Personnel Clerks in July and August 2007;

WHEREAS, on July 9, 2007, DOCS issued memoranda via electronic mail to all

3

Superintendents, all Deputy Superintendents for Administration, all Personnel Clerks, and all Central Office Personnel Representatives, stating that "[n]o female correction officer may be removed by DOCS from Workers' Compensation benefits due to pregnancy or the birth of a child, nor should a female correction officer be scheduled for an Independent Medical Evaluation solely based on her pregnancy or the delivery of a child";

WHEREAS, on July 24, 2007, DOCS amended Section IV.F.7 of its Directive 2208A, Workers' Compensation Benefits (Security Services), to provide that "[n]o female Correction Officer may be removed by DOCS from Workers' Compensation benefits due to pregnancy or the birth of a child, nor should a female correction officer be scheduled for an Independent Medical Evaluation solely based on her pregnancy or the delivery of a child";

WHEREAS, DOCS issued a memorandum dated August 1, 2007, from Daniel F. Martuscello III, Director of Personnel, to all Superintendents, concerning the revision of Directive 2208A and directing each of its facilities to read that memorandum to all Correction Officers during each shift's "line-up" procedure;

WHEREAS, EEOC, the United States, and DOCS agree that settlement of these two actions, and the pending investigation of EEOC Charge No. 520-2007-02374, without further litigation is in the public interest and that entry of this Order is the most appropriate means of resolving this action;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

4

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over EEOC's action pursuant to 29 U.S.C. § 206(d), and 28 U.S.C. §§ 1331, 1343, and 1345.

2.    This Court has jurisdiction over the United States' action pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(b), and 28 U.S.C. §§ 1331, 1343, and 1345.

3.    Venue for these actions is proper in the Southern District of New York.

## GENERAL INJUNCTIVE RELIEF

4.    EEOC's Amended Complaint is deemed to be amended further, to include allegations of discrimination by DOCS in each of its facilities statewide, and to include claims of Natalie Caraballo, Maria Velardo, Tamenika Atkins, Leetisha Dunia Robinson, Nicole Holloway, Tawanna Gibson, Jawanna Bellamy, Yolanda Francis, Yvette Dargan, and Patti Pilat.

5.    DOCS is enjoined from engaging in any act or practice that unlawfully discriminates against any employee on the basis of pregnancy or childbirth, including with respect to leave or benefits related thereto.

6.    DOCS is enjoined from removing any female Correction Officer from Workers' Compensation leave due solely to the birth of a child, and from scheduling any female Correction Officer for an independent medical examination based solely on the birth of a child.

7.    DOCS is enjoined from retaliating against any person because that person has participated in or cooperated with EEOC's and the United States' investigations of EEOC Charge Nos. 160-2003-00187, 520-2006-03586, 520-2006-02632, 520-2006-03441, 16G-A5-03084, or 520-2007-02374, the litigation of the current actions, or the administration of

this Order.

## NOTIFICATION REGARDING MATERNITY AND CHILD-REARING LEAVE POLICY AND RELATED BENEFITS

8.    DOCS shall provide a written notification of its maternity and child-rearing leave policy and related benefits ("the Maternity Leave Notification") to each DOCS employee who notifies her facility personnel office of her pregnancy and who requests to use maternity leave or child-rearing leave prior to or following the birth of a child.  A copy of the Maternity Leave Notification cover letter is attached to this Order as Exhibit A.   The attachments listed in Exhibit A shall be provided with the cover letter.  DOCS shall provide the Maternity Leave Notification within fifteen (15) days of the employee's request to use maternity leave or child-rearing leave.

9.    The Maternity Leave Notification shall be in writing, and shall expressly include the following:

a.    A cover letter containing a list of the DOCS directives and policies relating to maternity and child-rearing leave and Workers' Compensation leave and benefits, including DOCS Directive 2208A, Workers' Compensation Benefits (Security Services), and Directive 2226, Maternity and Child-Rearing Leave;

b.    Copies of the specific directives and policies relating to maternity and child-rearing leave and related benefits referenced in the Maternity Leave Notification cover letter; and

c.    A copy of the August 1, 2007 memorandum from Daniel F. Martuscello III, Director of Personnel, to all Superintendents, concerning the revision of Directive 2208A.

10.    In the event that DOCS modifies the cover letter of the Maternity Leave

6

Notification, attached hereto as Exhibit A, Section IV.F.7 of Directive 2208A or Directive 2226,

during the effective period of this Order, DOCS shall provide prior written notice of the change

to EEOC and the United States, through undersigned counsel, no less than fifteen (15) business

days prior to the effective date of the change.  EEOC and the United States shall have the right to

seek relief from the Court in the event that such changes are inconsistent with the terms and

objectives of this Order.

## TRAINING

11.    DOCS shall repeat the Workers' Compensation training that it held for all Deputy

Superintendents for Administration and/or Personnel Clerks in July and August 2007, once each

year during the term of this Order, and shall require each Deputy Superintendent for

Administration, Personnel Clerk, and Central Office Personnel Representative to attend the

training at least once.  This training shall include a discussion of the amended Section IV.F.7 of

Directive 2208A, Workers' Compensation Benefits (Security Services), as well as the Maternity

Leave Notification.

12.    Each time a new Deputy Superintendent for Administration, Personnel Clerk, or

Central Office Personnel Representative is hired in any DOCS facility or at Central Office, he or

she will be provided with a copy of the Maternity Leave Notification with attachments and a copy

of the August 1, 2007 memorandum referred to in paragraph 9(c) herein.

13.    By October 31, 2009, DOCS shall provide three (3) hours of anti-discrimination

training for all Correction Officers.  Such training shall include a discussion of pregnancy

discrimination, and a discussion of discrimination in pay and benefits.  As part of the training,

7

DOCS shall distribute a copy of the August 1, 2007 memorandum referred to in paragraph 9(c) herein to each attendee. DOCS shall repeat this training once for all Correction Officers between November 1, 2009 and the end of the effective term of this Order.

14.    For all new Correction Officers, DOCS shall provide three (3) hours of anti-discrimination training during their first six (6) months of employment. Such training shall include a discussion of pregnancy discrimination, and a discussion of discrimination in pay and benefits. DOCS shall also distribute a copy of the August 1, 2007 memorandum referred to in paragraph 9(c) herein to each attendee.

15.    On the anniversary of the entry of this Order during each year of the effective period, DOCS shall forward to EEOC and to the United States a copy of the attendance sheets for training sessions conducted during that period.

16.    DOCS shall, on two separate and additional occasions during the effective term of this Order, once in 2010 and once in 2012, distribute to all Correction Officers a document outlining employees' equal employment rights. This document shall also include information concerning the policies and procedures for filing a complaint of employment discrimination with EEOC, the New York State Division of Human Rights, and the DOCS Office of Diversity Management. DOCS shall provide the document to EEOC and the United States one month in advance of each distribution of the document.

17.    DOCS shall hold a voluntary seminar on leave benefits, available to all employees, once at each facility during the term of this Order. This seminar will include a discussion of Section IV.F.7 of Directive 2208A.

8

## MONETARY RELIEF

18.    DOCS shall pay the total sum of $972,000 to the Claimants. This sum includes back wages issued to certain Claimants before the parties executed this Order, the monetary value of the leave accruals restored to certain Claimants before the parties executed this Order, along with all monetary damages to be issued to the Claimants as set forth in Exhibit B hereto.

19.    EEOC and DOCS agree that all backpay awards are subject to applicable withholding and/or payroll deductions, including but not limited to federal, state and local taxes, such payment to be reported to the Claimants on an IRS Form W2. EEOC and DOCS further agree that all awards of interest, liquidated damages and compensatory damages are to be reported to the Claimants on an IRS Form 1099. Nothing in this Order or in Exhibit B constitutes a representation by the United States of America, EEOC, or the Internal Revenue Service regarding any withholding and/or tax liability of the New York State Department of Correctional Services with regard to the amounts paid to any individual named herein, or any interpretation of applicable tax law by the United States of America, EEOC, or the Internal Revenue Service with regard to such amounts.

20.    Payment of the monetary awards set forth in Exhibit B hereto is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Counsel for EEOC and the United States agree to provide a copy of the New York State Standard Voucher (Form AC92) to each claimant to receive a monetary award under this Order. In the event that the monetary awards set forth in Exhibit B are not approved by the necessary New York State officials

pursuant to Section 17 of the New York Public Officers Law on or before July 1, 2008, EEOC

and/or the United States may, at their option, rescind the releases in this Order, and bring any

civil claim, action, or proceeding against DOCS for the claims that would otherwise be released

in this Order. In the event that the payment of the monetary awards is approved by the necessary

New York State officials pursuant to Section 17 of the New York Public Officers Law, but such

approval does not occur within 120 days of the entry of this Order by the Court, DOCS shall pay

interest on each monetary award set forth in Exhibit B paid more than 120 days after the date of

entry, to be calculated in accordance with 28 U.S.C. § 1961, beginning on the 121st day after the

entry of this Order by the Court.

21.    The checks constituting payment of the monetary awards set forth in Exhibit B

hereto shall be issued in the name of the Claimants, and shall be mailed to the Claimants at their

current home addresses. EEOC or the United States shall furnish the Claimants' current names

and addresses to DOCS within three business days of the date of the parties' execution of this

Order. Each Claimant receiving a monetary award pursuant to this Order shall execute the

release attached hereto as Exhibit C as a condition of receiving that award. Counsel for EEOC

and the United States shall provide a copy of Exhibit C to each Claimant and shall endeavor to

provide the signed releases to DOCS within ten (10) business days of the date of the parties'

execution of this Order.

22.    Within fifteen (15) business days of each payment or leave accrual restoration to

be made pursuant to this Order, DOCS shall provide copies of the following documentation to

Raechel L. Adams, Senior Trial Attorney, Equal Employment Opportunity Commission, 33

10

Whitehall Street, 5th Floor, New York, New York, 10004, and Wendy H. Waszmer, Assistant

United States Attorney, United States Attorney's Office for the Southern District of New York,

86 Chambers Street, 3rd Floor, New York, New York, 10007:

      A.    Written confirmation that payments to each individual Claimant pursuant to Exhibit B have been made, and the date of said payments; and

      B.    written notification of the amount of leave accruals restored to each Claimant, and the date of said restoration; and

      C.    printed leave records demonstrating the addition of leave accruals to each Claimant's current balance.

## NOTICE TO EMPLOYEES

23.    Within thirty (30) days of the entry of this Order, DOCS shall conspicuously post the "Notice of Settlement" attached to this Order as Exhibit D in a location readily accessible and frequented by DOCS employees in each of its facilities.

24.    Within thirty (30) days of the entry of this Order, DOCS shall orally notify its employees of the August 1, 2007, memorandum from Daniel F. Martuscello III, Director of Personnel, to all Superintendents, concerning the revision of Directive 2208A, by reading the memorandum during each shift's "line-up" procedures for a 72 hour period at each DOCS facility.

## RECORD-KEEPING AND REPORTING

25.    During the effective period of this Order, DOCS shall keep and preserve the following records: (a) records of female Correction Officers on Workers' Compensation; (b) any

employee complaints received by DOCS' Office of Diversity Management regarding the transfer

of female Correction Officers from Workers' Compensation leave to maternity leave or child-

rearing leave; and (c) any grievances under the contract between DOCS and NYSCOBA that are

appealed to Step 2 and received by DOCS' Labor Relations Office regarding the transfer of

female Correction Officers from Workers' Compensation to maternity leave or child-rearing

leave.

      26.    EEOC and the United States shall monitor DOCS' compliance with this Order.  In

connection with monitoring DOCS' compliance, EEOC and the United States may inspect and

copy any documents that relate to the subject of this Order, upon fifteen (15) business days

written notice to DOCS, without further order of the Court.  DOCS reserves its right to seek relief

from the Court regarding any such request on the ground that the documents are not relevant or

the request is unduly burdensome.

      27.    DOCS shall, on the anniversary of the entry of this Order during each year of the

effective period, provide to EEOC and the United States a written report including the following

information:

      A.    A list of the female Correction Officers who have been on Workers'
            Compensation leave during the previous year; and

      B.    The names and employing facilities of the female Correction Officers who
            have received the Maternity Leave Notification referred to in paragraph 8
            herein during the previous year; and

      C.    Copies of any complaints received by DOCS' Office of Diversity

Management during the previous year regarding the transfer of female

Correction Officers from Workers' Compensation leave to maternity leave

or child-rearing leave and all written responses to such complaints by

DOCS; and

D.     Copies of any grievances appealed to Step 2 and received by DOCS' Labor

Relations Office during the previous year regarding the transfer of female

Correction Officers from Workers' Compensation leave to maternity leave

or child-rearing leave.

## MODIFICATION

28.     Except as provided in paragraph 29 herein, there shall be no modification of this

Order without the written consent of EEOC, the United States, and DOCS, and the approval of

the Court.

29.     DOCS has represented to EEOC and the United States that it has made a good

faith attempt to identify each female Correction Officer who was transferred from Workers'

Compensation benefits to maternity leave or child-rearing leave due to her pregnancy or the birth

of a child. In the event that, after the parties have executed this Order, EEOC, the United States,

or DOCS identify other current and / or former employees of DOCS who were transferred from

Workers' Compensation benefits to maternity leave or child-rearing leave as a result of their

pregnancies or due to the birth of children, and who were not previously identified and / or

disclosed by DOCS, EEOC and / or the United States shall first confer with DOCS and attempt to

resolve the claims on behalf of such employees. If, after thirty (30) days, the parties have not

13

resolved such an employee's claims, EEOC and / or United States have a right to seek a

modification of this Order to resolve the claims on behalf of such employees by seeking relief

consistent with this Order, and to seek any other appropriate relief from the Court. Should any

such employee receive relief under this provision (either through the parties' informal resolution

or through an order of this Court), both this Order and EEOC's Complaint in this case shall be

deemed amended to include such an employee as a Claimant.

## ENTIRE AGREEMENT

30.    This Order represents the entire agreement between EEOC, the United States, and

DOCS. No prior agreements, oral representations, or statements shall be considered part of this

Order.

31.    This Order shall not constitute an admission of fault or liability.

32.    This Order settles the claims raised in the EEOC's Amended Complaint, the

United States' action, and EEOC Charge No. 520-2007-02374.

## RETENTION OF JURISDICTION

33.    This Order shall remain in effect for five (5) years from the date of entry as to the

EEOC and for three (3) years from the date of entry as to the United States. This Court shall

retain jurisdiction and shall have the same powers it would have with respect to a judgment

during this effective period to enforce or modify the provisions of this Order, to resolve any

dispute that arises under this Order, and to entertain any application and issue any orders as may

be necessary or appropriate for the effectuation of its terms and objectives.

34.    The parties shall attempt to informally resolve any disputes, concerns, or

perceived violations that may arise under this Order.  To that end, EEOC and / or the United

States will notify DOCS in writing of any perceived instances of non-compliance with this

Order's terms, and DOCS may respond in writing within fifteen (15) business days.  The parties

shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking

intervention of the Court.  EEOC and / or United States shall not make any motion to enforce this

Order less than thirty (30) business days after providing DOCS with written notice of the

perceived violation as required by this paragraph.  If, after receiving written notification of any

perceived non-compliance with this Order's terms, DOCS cures the alleged non-compliance to

the satisfaction of the United States and EEOC, the United States and/or EEOC agree not to seek

relief from the Court relating to the non-compliance, including, but not limited to, an order of

contempt.  Notwithstanding the foregoing, if the delay caused by the attempt at informal

resolution and notice provided for in this paragraph would result in harm to the public interest,

EEOC and / or United States may seek appropriate relief immediately from the Court for any

perceived non-compliance or violations that may arise under this Order, so long as EEOC and / or

the United States provide prior notice to DOCS of any application to the Court.

## EXECUTION OF ORDER AND STIPULATION PROVIDING FOR INJUNCTION AND AFFIRMATIVE RELIEF

35.    This Order may be executed in counterparts, each of which shall be an original

and shall constitute one and the same instrument.

## COSTS AND ATTORNEY'S FEES

36.    Each party shall bear its own costs and attorney's fees in this action.

THE PARTIES HEREBY CONSENT to entry of the foregoing Order and Stipulation

15

Providing for Injunction and Affirmative Relief:

Dated:  New York, New York
        May 8, 2008

        EQUAL OPPORTUNITY EMPLOYMENT
        COMMISSION

By:     _____
        ELIZABETH GROSSMAN
        Regional Attorney
        RAECHEL L. ADAMS
        Senior Trial Attorney
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, New York  10004
        Telephone: (212) 336-3707


Dated:  New York, New York
        May 7, 2008

        ANDREW M. CUOMO
        Attorney General of the State of New York
        Attorney for Defendant New York State
        Department of Correctional Services

By:     _____
        BARBARA K. HATHAWAY
        Assistant Attorney General
        120 Broadway
        New York, New York  10271
        Telephone: (212) 416-8560


Dated:  New York, New York
        May 7, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Plaintiff
        United States of America

By:     _____
        WENDY H. WASZMER
        Assistant United States Attorney
        86 Chambers Street
        New York, New York  10007
        Telephone: (212) 637-2729


SO ORDERED.

Dated:  New York, New York
        May 20, 2008

        _____
        THE HONORABLE SHIRA A. SCHEINDLIN
        UNITED STATES DISTRICT JUDGE


16

A

**EXHIBIT A**



STATE OF NEW YORK

### DEPARTMENT OF CORRECTIONAL SERVICES

STATE CAMPUS - BUILDING #2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

BRIAN FISCHER
COMMISSIONER

GAYLE HAPONIK
DEPUTY COMMISSIONER
ADMINISTRATIVE SERVICES

## M E M O R A N D U M

**FROM:**      Daniel F. Martuscello III, Director of Personnel

**SUBJECT:**   Information Prior to the Birth of a Child

**DATE:**      DRAFT

Congratulations on the impending birth of your child! This should be a time of anticipation and happiness. During this time, you must care for yourself and your baby. To help ease any stress or confusion regarding your benefits and to ensure that you take full advantage of all of your benefits, we present this information packet.

In this packet, you will find several Department Directives that outline your benefits and your responsibilities to ensure that your benefits are administered fully. Here is a list of some of the information that you should review:

- ➤ Directive #2202, Attendance Control Program, has information on reporting absences, when you should submit documentation and what constitutes proper medical documentation.
- ➤ Directive #2204, Sick Leave at Full Pay, outlines the proper usage of both short-term and long-term personal and family sick leave.
- ➤ Directive #2206, Sick Leave at Half-Pay, gives information on how half-pay eligibility is earned and the requirements to request usage of half-pay.
- ➤ Directive #2208A, Workers' Compensation Benefits – (Security Services), describes procedures to be followed whenever an employee in the Security Services requests Workers' Compensation benefits. Section F. specifically addresses how the benefit interacts with pregnancy or the birth of a child.
- ➤ Directive #2220, Family Medical Leave Act, describes the federal law that allows eligible employees to take up to 12 weeks annually for health related issues, including the birth of a baby. During periods covered by the FMLA, your job status and health benefits will be protected. The directive gives information on how to request FMLA, who is eligible for FMLA usage, FMLA documentation requirements and how FMLA usage is administered. The directive also gives information on how the FMLA works in concert with the various accruals you may be using.
- ➤ Directive #2221, Employee Health Insurance, gives details on this important benefit. Information includes employee eligibility and dependent coverage.
- ➤ Directive #2226, Maternity and Child-Rearing Leave, describes the duration of time that can be used as maternity leave, how your other accruals can be used during this period, as well as the documentation requirements.
- ➤ All Superintendent Memorandum from Director of Personnel, describes portions of Directive #2208A.
- ➤ Employees' Manual, Section 22, Affirmative Action Policy, provides the address to report any action you believe to be discriminatory.
- ➤ Employees' Manual, Section 26, Attendance Rules, provides an overview of the various leave benefits.
- ➤ Department of Civil Service Health Insurance Transaction Form PS-404. Submit a completed copy of this form, along with statement from your doctor of the date of birth of the baby, to your facility Personnel Office so that your baby can be added to your health insurance. Obviously, this should be taken care of as soon after the birth as possible.

You should review the current contract between New York State and NYSCOPBA for additional information about health insurance and accrual usage. You should contact your facility Personnel Office for health insurance information on your chosen plan for prenatal, child delivery and well child doctor's appointments

Again, let me congratulate you on this wonderful event. If you have any additional questions regarding health benefits or accruals usage, please contact your facility Personnel Office.

2

STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONAL SERVICES

STATE CAMPUS - BUILDING #2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

BRIAN FISCHER
COMMISSIONER

GAYLE HAPONIK
DEPUTY COMMISSIONER
ADMINISTRATIVE SERVICES

_____ I, _____, have received a copy of the informational packet which outlines the various benefits I am entitled to during my pregnancy and after the birth of my child.

_____          _____
Employee Signature                          Date

_____ The facility Personnel Office was notified of an impending birth of a child and as a result sent a copy of the information packet which outlines the various benefits that the employee is entitled to during the pregnancy and after the birth of the child to the employee, via certified mail, to the address the employee has on file with the facility.

_____          _____
Name of Employee Packet Sent To          Date Sent

_____          _____
Personnel Clerk Signature                   Date

cc:    Employee Personal History File
       Central Office Personnel

B

EXHIBIT B

SPECIFIC RELIEF FOR SANDRA APONTE

1.       Between the date the EEOC filed its Complaint and the date the parties executed

this Order, DOCS issued backpay to Sandra Aponte in the amount of $9,019.05, less DOCS'

calculation of withholding and / or payroll deductions, including but not limited to federal, state

and local taxes, and DOCS restored 42 hours of vacation leave accruals, which the parties have

agreed to value at $772.80, and 28 hours of sick leave accruals, which the parties have agreed to

value at $515.20.

2.       Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Aponte with an additional monetary award of $64,279.44.  The payments to be made shall be

carried out in accordance with and subject to the following:

>           A.       DOCS shall provide Ms. Aponte with, and include in her official
>                    personnel file, written notification of the amount of leave accruals restored
>                    to her;
>
>           B.       DOCS shall provide Ms. Aponte with a printed leave record
>                    demonstrating the addition of leave accruals to her current balance;
>
>           C.       DOCS shall pay to Ms. Aponte a monetary award in the amounts of
>                    $3,789.39, which shall be considered interest, $10,307.05, which shall be
>                    considered liquidated damages, and $50,183, which shall be considered
>                    compensatory damages pursuant to and within the statutory limitations of
>                    Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

SPECIFIC RELIEF FOR TAMENIKA ATKINS

3.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS restored to Tamenika Atkins 184 hours of vacation leave accruals, which the parties have agreed to value at $3,659.30, and 64 hours of sick leave accruals which the parties have agreed to value at $1,272.80.

4.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Atkins with an additional monetary award of $19,976.17. The payments to be made shall be carried out in accordance with and subject to the following:

           A.    DOCS shall provide Ms. Atkins with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

           B.    DOCS shall provide Ms. Atkins with a printed leave record demonstrating the addition of leave accruals to her current balance;

           C.    DOCS shall pay to Ms. Atkins a monetary award in the amounts of $983.07, which shall be considered interest, $4,932.10, which shall be considered liquidated damages, and $14,061, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2

SPECIFIC RELIEF FOR NATISHA BEHLIN

5.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Natisha Behlin in the amount of $7,078.81, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes, and DOCS restored 36 hours of vacation leave accruals, which the parties have agreed to value at $760.13, and 36 hours of sick leave accruals, which the parties have agreed to value at $760.13.

6.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Behlin with an additional monetary award of $32,206.25. The leave to be restored and payments to be made shall be carried out in accordance with and subject to the following:

> A.    DOCS shall provide Ms. Behlin with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;
>
> B.    DOCS shall provide Ms. Behlin with a printed leave record demonstrating the addition of leave accruals to her current balance;
>
> C.    DOCS shall pay to Ms. Behlin a monetary award in the amounts of $2,515.47, which shall be considered interest, $8,599.07, which shall be considered liquidated damages, and $21,091.71, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3

SPECIFIC RELIEF FOR JAWANNA BELLAMY

7.      Between the date the EEOC filed its Complaint and the date the parties executed

this Order, DOCS issued backpay to Jawanna Bellamy in the amount of $6,357.90, less DOCS'

calculation of withholding and / or payroll deductions, including but not limited to federal, state

and local taxes, and DOCS restored 132 hours of vacation leave accruals, which the parties have

agreed to value at $3,100.68, and 44 hours of sick leave accruals, which the parties have agreed

to value at $1,033.56.

8.      Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Bellamy with an additional monetary award of $40,445.72.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.      DOCS shall provide Ms. Bellamy with, and include in her official
> personnel file, written notification of the amount of leave accruals restored
> to her;

> B.      DOCS shall provide Ms. Bellamy with a printed leave record
> demonstrating the addition of leave accruals to her current balance;

> C.      DOCS shall pay to Ms. Bellamy a monetary award in the amounts of
> $1,831.58, which shall be considered interest, $10,492.14, which shall be
> considered liquidated damages, and $28,122, which shall be considered
> compensatory damages pursuant to and within the statutory limitations of
> Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4

SPECIFIC RELIEF FOR NATALIE CARABALLO

9.      Between the date the EEOC filed its Complaint and the date the parties executed

this Order, DOCS issued backpay to Natalie Caraballo in the amount of $5,173.94, less DOCS'

calculation of withholding and / or payroll deductions, including but not limited to federal, state

and local taxes, and DOCS restored 180 hours of vacation leave accruals, which the parties have

agreed to value at $3,934.35, and 80 hours of sick leave accruals, which the parties have agreed

to value at $1,748.60.

10.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Caraballo with an additional monetary award of $40,508.75. The payments to be made shall be

carried out in accordance with and subject to the following:

> A.      DOCS shall provide Ms. Caraballo with, and include in her official
>         personnel file, written notification of the amount of leave accruals restored
>         to her;
>
> B.      DOCS shall provide Ms. Caraballo with a printed leave record
>         demonstrating the addition of leave accruals to her current balance;
>
> C.      DOCS shall pay to Ms. Caraballo a monetary award in the amounts of
>         $1,529.86, which shall be considered interest, $10,856.89, which shall be
>         considered liquidated damages, and $28,122, which shall be considered
>         compensatory damages pursuant to and within the statutory limitations of
>         Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5

SPECIFIC RELIEF FOR YVETTE DARGAN

11.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS restored to Yvette Dargan 280 hours of vacation leave accruals, which the parties have agreed to value at $5,054.70, and 80 hours of sick leave accruals, which the parties have agreed to value at $1,444.20.

12.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Dargan with an additional monetary award of $36,866.71. The payments to be made shall be carried out in accordance with and subject to the following:

        A.    DOCS shall provide Ms. Dargan with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

        B.    DOCS shall provide Ms. Dargan with a printed leave record demonstrating the addition of leave accruals to her current balance;

        C.    DOCS shall pay to Ms. Dargan a monetary award in the amounts of $2,245.81, which shall be considered interest, $6,498.90, which shall be considered liquidated damages, and $28,122, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6

SPECIFIC RELIEF FOR LEETISHA ROBINSON DUNIA

13.     Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Leetisha Robinson Dunia in the amount of $7,529.05, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes, and DOCS restored 138 hours of vacation leave accruals, which the parties have agreed to value at $3,304.58, and 36 hours of sick leave accruals, which the parties have agreed to value at $862.07.

14.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Dunia with an additional monetary award of $34,942.03.  The payments to be made shall be carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Dunia with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;
>
> B.     DOCS shall provide Ms. Dunia with a printed leave record demonstrating the addition of leave accruals to her current balance;
>
> C.     DOCS shall pay to Ms. Dunia a monetary award in the amounts of $2,154.83, which shall be considered interest, $11,695.70, which shall be considered liquidated damages, and $21,091.50, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7

SPECIFIC RELIEF FOR TAWANNA GIBSON

15.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Tawanna Gibson in the amount of $6,160.69, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes.

16.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Gibson with an additional monetary award of $29,438.38.  The payments to be made shall be carried out in accordance with and subject to the following:

      A.    DOCS shall provide Ms. Gibson with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

      B.    DOCS shall provide Ms. Gibson with a printed leave record demonstrating the addition of leave accruals to her current balance;

      C.    DOCS shall pay to Ms. Gibson a monetary award in the amounts of $2,186.19, which shall be considered interest, $6,160.69, which shall be considered liquidated damages, and $21,091.50, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8

SPECIFIC RELIEF FOR ELSA HARRIS

17.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS restored to Elsa Harris 248 hours of vacation leave accruals, which the parties have agreed to value at $5,580.62.

18.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Harris with an additional monetary award of $27,980.12. The payments to be made shall be carried out in accordance with and subject to the following:

        A.    DOCS shall provide Ms. Harris with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

        B.    DOCS shall provide Ms. Harris with a printed leave record demonstrating the addition of leave accruals to her current balance;

        C.    DOCS shall pay to Ms. Harris a monetary award in the amounts of $1,308.00, which shall be considered interest, $5,580.62, which shall be considered liquidated damages, and $21,091.50, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

9

SPECIFIC RELIEF FOR NICOLE HOLLOWAY

19.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Holloway with a monetary award of $28,122.  The payment to be made shall be carried out in accordance with and subject to the following:

            A.    DOCS shall pay to Ms. Holloway a monetary award in the amount of $28,122, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

SPECIFIC RELIEF FOR MONIQUE HORTON

22.     DOCS has issued backpay to Monique Horton in the amount of $2,362.83, less

DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal,

state and local taxes, and has restored to Monique Horton 176 hours of vacation leave accruals,

which the parties have agreed to value at $3,158.20, and 16 hours of sick leave accruals, which

the parties have agreed to value at $299.66.  Additionally, DOCS has included documentation in

Ms. Horton's personnel file acknowledging that Ms. Horton should not have been considered to

be on "AWOL" status for the period of 12/5/01-1/9/02.

23.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Horton with an additional monetary award of $32,201.02.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Horton with, and include in her official personnel
> file, written notification of the amount of leave accruals restored to her;
>
> B.     DOCS shall provide Ms. Horton with a printed leave record demonstrating
> the addition of leave accruals to her current balance;
>
> C.     DOCS shall pay to Ms. Horton a monetary award in the amounts of
> $1,388.83, which shall be considered interest, $5,820.69, which shall be
> considered liquidated damages, and $24,991.50, which shall be considered
> compensatory damages pursuant to and within the statutory limitations of
> Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

11

SPECIFIC RELIEF FOR YOLANDA JACKSON

20.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Yolanda Jackson in the amount of $2,255.69, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes.

21.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Jackson with an additional monetary award of $30,920.67.  The payments to be made shall be carried out in accordance with and subject to the following:

        A.    DOCS shall provide Ms. Jackson with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

        B.    DOCS shall provide Ms. Jackson with a printed leave record demonstrating the addition of leave accruals to her current balance;

        C.    DOCS shall pay to Ms. Jackson a monetary award in the amounts of $542.98, which shall be considered interest, $2,255.69, which shall be considered liquidated damages, and $28,122, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

12

SPECIFIC RELIEF FOR EUGENIA KIRKLAND

24.     Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Eugenia Kirkland in the amount of $14,083.66, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes.

25.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Kirkland with an additional monetary award of $32,695.82.  The payments to be made shall be carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Kirkland with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;
>
> B.     DOCS shall provide Ms. Kirkland with a printed leave record demonstrating the addition of leave accruals to her current balance;
>
> C.     DOCS shall pay to Ms. Kirkland a monetary award in the amounts of $4,551.16, which shall be considered interest, $14,083.66, which shall be considered liquidated damages, and $14,061, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

13

SPECIFIC RELIEF FOR ARLENE O'CANA

26.     Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Arlene O'Cana in the amount of $7,112.48, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes, and DOCS restored 62 hours of vacation leave accruals, which the parties have agreed to value at $1,764.13, and 20 hours of sick leave accruals, which the parties have agreed to value at $569.08.

27.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. O'Cana with an additional monetary award of $37,927.87.  The payments to be made shall be carried out in accordance with and subject to the following:

A.     DOCS shall provide Ms. O'Cana with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

B.     DOCS shall provide Ms. O'Cana with a printed leave record demonstrating the addition of leave accruals to her current balance;

C.     DOCS shall pay to Ms. O'Cana a monetary award in the amounts of $360.18, which shall be considered interest, $9,445.69, which shall be considered liquidated damages, and $28,122, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

14

SPECIFIC RELIEF FOR PATTI PILAT

28.     DOCS has restored to Patti Pilat 108 hours of vacation leave accruals, which the

parties have agreed to value at $1,863.23, and 116 hours of sick leave accruals, which the parties

have agreed to value at $2,001.22.

29.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Pilat with an additional monetary award of $18,030.55.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Pilat with, and include in her official personnel
> file, written notification of the amount of leave accruals restored to her;
>
> B.     DOCS shall provide Ms. Pilat with a printed leave record demonstrating
> the addition of leave accruals to her current balance;
>
> C.     DOCS shall pay to Ms. Pilat a monetary award in the amounts of $105.10,
> which shall be considered interest, $3,864.45, which shall be considered
> liquidated damages, and $14,061, which shall be considered compensatory
> damages pursuant to and within the statutory limitations of Section 102 of
> the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

15

SPECIFIC RELIEF FOR HOLLIE RATHGEBER

30.     Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Hollie Rathgeber in the amount of $1,218.54, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes, and DOCS restored 4 hours of vacation leave accruals, which the parties have agreed to value at $77.20.

31.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Rathgeber with an additional monetary award of $43,881.27.  The leave to be restored and payments to be made shall be carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Rathgeber with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;
>
> B.     DOCS shall provide Ms. Rathgeber with a printed leave record demonstrating the addition of leave accruals to her current balance;
>
> C.     DOCS shall pay to Ms. Rathgeber a monetary award in the amounts of $402.53, which shall be considered interest, $1,295.74, which shall be considered liquidated damages, and $42,183, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

16

SPECIFIC RELIEF FOR WANDA ROSADO

32.     DOCS has issued backpay to Wanda Rosado in the amount of $12,379.95, less

DOCS' calculation of withholding and / or payroll deductions, including but not limited to

federal, state and local taxes, and DOCS restored 104 hours of vacation leave accruals, which the

parties have agreed to value at $2,114.97, and 136 hours of sick leave accruals, which the parties

have agreed to value at $2,733.78.

33.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Rosado with an additional monetary award of $68,612.05.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.     DOCS shall provide Ms. Rosado with, and include in her official
> personnel file, written notification of the amount of leave accruals restored
> to her;

> B.     DOCS shall provide Ms. Rosado with a printed leave record
> demonstrating the addition of leave accruals to her current balance;

> C.     DOCS shall pay to Ms. Rosado a monetary award in the amounts of
> $2,169.63, which shall be considered interest, $17,228.70, which shall be
> considered liquidated damages, and $49,213.72, which shall be considered
> compensatory damages pursuant to and within the statutory limitations of
> Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

17

SPECIFIC RELIEF FOR GINA SHIBAH

34.　　Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS restored to Gina Shibah 312 hours of vacation leave accruals, which the parties have agreed to value at $7,720.83.

35.　　Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Shibah with an additional monetary award of $15,592.12. The leave to be restored and payments to be made shall be carried out in accordance with and subject to the following:

        A.　　DOCS shall provide Ms. Shibah with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

        B.　　DOCS shall provide Ms. Shibah with a printed leave record demonstrating the addition of leave accruals to her current balance;

        C.　　DOCS shall pay to Ms. Shibah a monetary award in the amounts of $840.58, which shall be considered interest, $7,720.83, which shall be considered liquidated damages, and $7,030.71, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

18

SPECIFIC RELIEF FOR TASHONNA SHIVERS

36.    Between the date the EEOC filed its Complaint and the date the parties executed

this Order, DOCS issued backpay to Tashonna Shivers in the amount of $3,940.89, less DOCS'

calculation of withholding and / or payroll deductions, including but not limited to federal, state

and local taxes, and DOCS restored 152 hours of vacation leave accruals, which the parties have

agreed to value at $2,736.76, and 48 hours of sick leave accruals, which the parties have agreed

to value at $864.24.

37.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Shivers with an additional monetary award of $36,300.62.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.    DOCS shall provide Ms. Shivers with, and include in her official
> personnel file, written notification of the amount of leave accruals restored
> to her;
>
> B.    DOCS shall provide Ms. Shivers with a printed leave record
> demonstrating the addition of leave accruals to her current balance;
>
> C.    DOCS shall pay to Ms. Shivers a monetary award in the amounts of
> $636.73, which shall be considered interest, $7,541.89, which shall be
> considered liquidated damages, and $28,122, which shall be considered
> compensatory damages pursuant to and within the statutory limitations of
> Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

19

SPECIFIC RELIEF FOR MARIA VELARDO

38.     DOCS has issued backpay to Maria Velardo in the amount of $5,054.36 less,

DOCS' calculation of withholding and / or payroll deductions, including but not limited to

federal, state and local taxes, and DOCS restored 162 hours of vacation leave accruals, which the

parties have agreed to value at $3,524.51, and 12 hours of sick leave accruals, which the parties

have agreed to value at $261.08.

39.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Velardo with an additional monetary award of $32,788.38. The leave to be restored and

payments to be made shall be carried out in accordance with and subject to the following:

A.     DOCS shall provide Ms. Velardo with, and include in her official

personnel file, written notification of the amount of leave accruals restored

to her;

B.     DOCS shall provide Ms. Velardo with a printed leave record

demonstrating the addition of leave accruals to her current balance;

C.     DOCS shall pay to Ms. Velardo a monetary award in the amounts of

$2,856.93, which shall be considered interest, $8,839.95, which shall be

considered liquidated damages, and $21,091.50, which shall be considered

compensatory damages pursuant to and within the statutory limitations of

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

SPECIFIC RELIEF FOR SHARON WARING

40.    Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS issued backpay to Sharon Waring in the amount of $1,065.06, less DOCS' calculation of withholding and / or payroll deductions, including but not limited to federal, state and local taxes, and DOCS restored 332 hours of vacation leave accruals, which the parties have agreed to value at $7,265.82, and 104 hours of sick leave accruals, which the parties have agreed to value at $2,276.04.

41.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Waring with an additional monetary award of $53,797.74.  The payments to be made shall be carried out in accordance with and subject to the following:

          A.    DOCS shall provide Ms. Waring with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

          B.    DOCS shall provide Ms. Waring with a printed leave record demonstrating the addition of leave accruals to her current balance;

          C.    DOCS shall pay to Ms. Waring a monetary award in the amounts of $1,007.61, which shall be considered interest, $10,606.92, which shall be considered liquidated damages, and $42,183.21, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

21

SPECIFIC RELIEF FOR LISA WILSON

42.    Between the date the EEOC filed its Complaint and the date the parties executed

this Order, DOCS restored to Lisa Wilson 224 hours of vacation leave accruals, which the parties

have agreed to value at $5,061.28, and 48 hours of sick leave accruals, which the parties have

agreed to value at $1,084.56.

43.    Within 120 days of the date of the entry of this Order, DOCS shall provide Ms.

Wilson with an additional monetary award of $20,655.04.  The payments to be made shall be

carried out in accordance with and subject to the following:

> A.    DOCS shall provide Ms. Wilson with, and include in her official
>        personnel file, written notification of the amount of leave accruals restored
>        to her;
>
> B.    DOCS shall provide Ms. Wilson with a printed leave record demonstrating
>        the addition of leave accruals to her current balance;
>
> C.    DOCS shall pay to Ms. Wilson a monetary award in the amounts of
>        $448.20, which shall be considered interest, $6,145.84, which shall be
>        considered liquidated damages, and $14,061, which shall be considered
>        compensatory damages pursuant to and within the statutory limitations of
>        Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

22

SPECIFIC RELIEF FOR PATRICIA YOUNG

44.     Between the date the EEOC filed its Complaint and the date the parties executed this Order, DOCS restored to Patricia Young 176 hours of vacation leave accruals, which the parties have agreed to value at $3,850.44, and 40 hours of sick leave accruals, which the parties have agreed to value at $875.10.

45.     Within 120 days of the date of the entry of this Order, DOCS shall provide Ms. Young with an additional monetary award of $19,132.53. The payments to be made shall be carried out in accordance with and subject to the following:

A.     DOCS shall provide Ms. Young with, and include in her official personnel file, written notification of the amount of leave accruals restored to her;

B.     DOCS shall provide Ms. Young with a printed leave record demonstrating the addition of leave accruals to her current balance;

C.     DOCS shall pay to Ms. Young a monetary award in the amounts of $345.78, which shall be considered interest, $4,725.54, which shall be considered liquidated damages, and $14,061.21, which shall be considered compensatory damages pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

C

## EXHIBIT C

### CLAIMANT RELEASE

In consideration for $ _____ paid to me by the New York State Department of
Correctional Services in connection with the resolution of <u>EEOC and the United States v. NY
State Dept. of Correctional Servs.</u>, I waive my right to recover for any claims of discrimination
based on sex arising under the Equal Pay Act and Title VII of the Civil Rights Act of 1964, as
amended, that I had against the New York State Department of Correctional Services prior to the
date of this release and that were included in the claims alleged in EEOC's and the United
States' Complaints in <u>EEOC and the United States v. NY State Dept. of Correctional Servs.</u>

Date: _____          Signature: _____

D

**EXHIBIT D**

NOTICE TO NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES EMPLOYEES

This Notice is being posted pursuant to an Order and Stipulation Providing for Injunction and Affirmative Relief (the "Order") entered in resolution of lawsuits brought by the U.S. Equal Employment Opportunity Commission ("EEOC") and the United States Attorney's Office for the Southern District of New York against the New York State Department of Correctional Services ("DOCS") in federal court in the Southern District of New York. In the lawsuits, the EEOC and the United States of America alleged the DOCS has unlawfully discriminated against female employees at its Sing Sing facility by transferring pregnant female employees only from workers' compensation leave to a less lucrative maternity leave on or before the birth of their children, without first determining whether the underlying work-related injuries leading to the workers' compensation leave were ongoing.

Under the Order, DOCS is enjoined from engaging in any act or practice that unlawfully discriminates against any employee on the basis of pregnancy or childbirth, including with respect to leave or benefits related thereto. DOCS is further enjoined from retaliating against, or in any way, adversely affecting the terms, and conditions, or privileges of employment of any person, because that person has participated or cooperated with EEOC's and the United States' investigations of EEOC Charge Nos. 160-2003-00187, 520-2006-03586, 520-2006-02632, 520-2006-03441, and 16G-A5-03084, or 520-2007-02374, the litigation of the EEOC's and United States' lawsuits, or the administration of the Order.

DOCS' Directive #2208A, Workers' Compensation Benefits (Security Services), has been revised and reissued, effective July 24, 2007. This Directive outlines the conditions that must be satisfied and the procedure to be followed whenever an employee in the Security Service Unit or the Security Supervisors Unit requests Workers' Compensation benefits.

The Directive states, in part, that employees who have sustained a work-related injury must remain on workers' compensation benefits until such time as:

1.    An individualized Independent Medical Evaluation ("IME") determination is made regarding whether the employee continues to qualify for the benefits as a result of a work-related injury, or

2.    DOCS receives medical documentation from the employee's personal physician indicating that the employee is no longer disabled due to his/her work-related injury, or

3.    Upon determination from the Workers' Compensation Board that a period of lost time is not compensable.

This procedure is especially important as it pertains to female correction officers who are or who may become pregnant or who may deliver a child while they are on workers' compensation benefits. No female correction officer may be removed by DOCS from workers' compensation benefits due to pregnancy or the birth of a child, nor should a female correction officer be scheduled for an IME based solely on her pregnancy or the delivery of a child. Female correction officers who are or who become pregnant may only be removed from workers' compensation benefits when the above-described conditions are satisfied, indicating that they are no longer disabled due to their work-related injury or otherwise do not qualify for workers' compensation benefits, without regard to their pregnancy.

In accordance with DOCS' Employees' Manual, Section 22, DOCS is committed to the implementation of the principles and practices of equal employment opportunity in all phases of personnel policy and practices. In doing so, DOCS does not discriminate against any person because of race, color, religion, national origin, sexual orientation, age, sex, disability or Vietnam era veteran status.

Furthermore, the federal Pregnancy Discrimination Act provides that discrimination of any kind on the basis of pregnancy or childbirth constitutes unlawful discrimination on the basis of sex under Title VII of the Civil Rights Act. Female employees affected by pregnancy or childbirth may not be treated less favorably than other employees for any employment-related purposes, including the receipt of workers' compensation benefits.

Similarly, the federal Equal Pay Act requires that males and females in substantially equal jobs receive equal treatment in terms of pay and benefits.

If you have a complaint of discrimination or harassment, you may report it directly to the Equal Employment Opportunity Commission. The EEOC maintains offices throughout the United States, including in New York, New York. Its New York District Office is located at:

> Equal Employment Opportunity Commission
> 33 Whitehall Street, 5th Floor
> New York, NY 10004
> 800-669-4000

You may also report a complaint of discrimination or harassment to the Civil Rights Unit of the United States Attorney's Office for the Southern District of New York, which is located at:

> United States Attorney's Office for the Southern District of New York
> Attn: Civil Rights Unit
> 86 Chambers Street, 3rd Floor
> New York, New York 10007

2

This Notice will remain posted until _____, 2013.

Signed this _____ day of _____, 2008.


By:     _____

          ANTHONY J. ANNUCCI
          Executive Deputy Commissioner
          New York State Department of Correctional Services

.

3